UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN CARLOS ALMONTE,

Plaintiff,

-against-

FRANK P. GERACI JR.; LAURA TAYLOR SWAIN; CHARLES SIRAGUSA; RUBY KRAJICK,

Defendants.

21-CV-6960 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. He has paid the filing fees for this action. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("[Section] 1915A applies to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid a filing fee.") (citation omitted). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against: (1) Frank P. Geraci, Jr., a District Judge sitting in the United States District Court for the Western District of New York; (2) Laura Taylor Swain, the Chief Judge of this court, the United States District Court for the Southern District of New York; (3) Charles Siragusa, another District Judge sitting in the Western District of New York; and (4)

Ruby Krajick, the Clerk of Court of this court.[1] He brings this action seeking enforcement of his civil rights, that federal charges be brought against Defendants, and money damages.

Plaintiff's complaint is difficult to understand. His handwriting is almost indecipherable, he has written everywhere on the complaint form, even on the margins, and he fails to clearly present the events giving rise to his complaint. To the extent the Court is able to understand Plaintiff's assertions, he is taking issue with the processing and dismissal of his actions in both this court and the Western District of New York. He contends that Clerk Krajick is not processing his documents properly, and that Chief Judge Swain has dismissed one of his cases based on an argument that he did not present. Plaintiff makes references to a person being "mentally slow," not receiving "local phone calls nor local visit," and being a victim. (ECF 1 at 2.)[2] He also indicates that he can afford the $402.00 filing fees but asserts "That's robbery 2nd degree 160.10, Im been wrongfully penalized." (*Id.*) Plaintiff also alleges that he has a case that was transferred from a court in Florida to the Western District of New York, and that he received a notice that the case was reassigned from Judge Geraci to Judge Siragusa for further proceedings. Plaintiff appears to assert that the judge the case was transferred to "should be found guilty for delay." (*Id.* at 3.) Finally, Plaintiff claims that he has been discriminated against and subjected to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution.

**DISCUSSION**

Plaintiff styles his complaint, in which he sues three federal judges and a clerk of court, as an action under 42 U.S.C. § 1983. As he alleges that federal defendants – not state actors –

---

[1] Plaintiff incorrectly identifies both Judge Geraci and Judge Siragusa as Chief Judges, and Ruby Krajick as Deputy Clerk.

[2] The Court quotes from the complaint verbatim.

violated his rights, the Court construes Plaintiff's claims as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[3] *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed Section 1983 claims brought against federal employee as arising under *Bivens*).

Here, Plaintiff alleges that Defendants violated his civil rights by improperly processing and dismissing his cases. These allegations cannot be considered viable claims under *Bivens*.[4]

**A. Judicial immunity**

Even if Plaintiff's complaint could be construed as implicating a *Bivens* claim, his assertions against Judge Geraci, Chief Judge Swain, and Judge Siragusa must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from

---

[3] As federal courts have analogized *Bivens* claims to those brought under Section 1983, caselaw from Section 1983 claims may be used to address issues in *Bivens* claims. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51 (2012) (summary order) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

[4] The Supreme Court has recognized implied causes of action under *Bivens* in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). The Supreme Court has also made it clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857.

liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Plaintiff brings this action expressing his belief that the three federal judges has treated him unfairly. But he fails to allege any facts showing that any of the judges acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff appears to sue the three federal judges for "acts arising out of, or related to, [an] individual cas[e] before [each] judge," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Geraci, Chief Judge Swain, and Judge Siragusa under the doctrine of judicial immunity. *See* 28 U.S.C. § 1915A(b)(2).

Similarly, Plaintiff's claims again Clerk Krajick must also be dismissed on immunity grounds. Judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, such as filing court documents or managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Clerk's Office activities of filing and docketing legal documents" are an "integral part of the judicial process" and are generally entitled to absolute immunity); *Pikulin v. Gonzales*, No. 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y Apr. 5, 2007) (extending judicial immunity to the federal court clerk with respect to claims arising out of the filing and docketing of legal documents). Plaintiff's claims against Clerk Krajick for the processing of his case, a task that is

an integral part of the judicial process, must be dismissed because she is immune from suit for such claims. *See* § 1915A(b)(2).

**B. Private prosecution**

Plaintiff also purports to bring federal charges against Defendants. Plaintiff cannot initiate the arrest or prosecution of an individual in this court because " the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." ). Moreover, a prosecutor's discretionary authority to bring a criminal action is " immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff's attempt to bring federal charges against Defendants must therefore be dismissed because he fails to state a claim on which relief may be granted. *See* § 1915A(b)(1).

**C. The Court denies leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

Plaintiff's complaint, for which he paid the filing fees, is dismissed under 28 U.S.C. § 1915A(b)(1), (2), for failing to state a claim upon which relief may be granted, and seeking monetary relief from defendants who are immune.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: October 8, 2021
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.